IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KARL C. MITCHELL,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     No. 1:24cv232 (RDA/IDD) |
| THE ATTORNEY GENERALS, *et al.*,<br>    Defendants. | )<br>)<br>) |

MEMORANDUM OPINION and ORDER

Karl C. Mitchell, a Virginia inmate proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Dkt. 1. Mitchell has applied to proceed *in forma pauperis*. Dkt. 4. Because Mitchell is a *pro se* prisoner, however, the Court must screen his complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

**I. Standard of Review**

Pursuant to § 1915A, this Court must dismiss any claims based upon "'an indisputably meritless legal theory,'" or claims where the "factual contentions are clearly baseless." *Clay v.*

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

*Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

In order to screen a complaint, however, a plaintiff must present a coherent, comprehensible, and intelligible document. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (a pleading must be presented "with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search" of the pleader's claims "without untoward effort").

In addition, under 28 U.S.C. § 1915(e)(2)(B), a complaint can be dismissed at any time if the Court determines it fails to state a claim upon which relief can be granted, is frivolous or without merit when it is clear it would be barred by the statute of limitations. *See Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (affirming district court's finding that complaint was barred by the applicable statute of limitations and "that the district court

did not abuse its discretion in concluding that the action was frivolous") (citing 28 U.S.C. § 1915(d)); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under 28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006)).

## II. Complaint

The Complaint alleges that in September 2014, prison officials in Georgia allowed Plaintiff to be stabbed numerous times by gang members. The following investigation subjected Plaintiff to "a review of [his] brain memory," which revealed he "needed rehabilitation for criminogenic cognitive distortions [he had] been manifesting since childhood.' Dkt. 1 at 1. "Since November 2016 the Georgia Attorney General has been overseeing a thought modification program." In May 2019, "[t]he Virginia Attorney General began overseeing [the program] upon [Plaintiff's] return to [his] hometown." *Id.* at 2.

The oversight is of "the medical staff us[ing] electronics and objective stimuli to manipulate [his] bodily functions, most relevant[] [his] brain and visceral functions. They've toyed with [his] physiological and psychological response to various things carried out by them and other state officials and private parties." *Id.* He alleges these actions have caused him to suffer several injurious and illegitimate uses of force; be sexually assaulted; induced fights with other inmates; harassed, ridiculed and intimidated by state officials and private parties, which have caused "complete social-isolation;" he is unable to obtain employment; and the treatments have caused him to have offensive thoughts "about [fictious] fighting. Murder, and indecent sex acts." *Id.*

In April and July 2021 the Attorneys Generals oversaw an entrapment scheme that allowed

3

"continued prosecution of several (unlawful) indictments." *Id.* In April, while "under substantial distress," broke, homeless, and evicted by his father, Plaintiff took property from a business and money from a bank. *Id.* at 2-3. In July, Plaintiff attacked an inmate in Stafford, again while "under substantial duress," because Plaintiff felt the inmate had sexually assaulted him. He has pending charges for grand larceny, robbery, and malicious wounding.

He states his claim as "the Attorney Generals acts and omissions violate [his] rights under the First, Fourth, and Fourteenth Amendments." *Id.* at 4

### III. Analysis

Plaintiff's Complaint fails on multiple levels. The Complaint is conclusory; does not name any person as a defendant; violates the rules against joinder; does not set forth any specific acts or omissions under color of state law; fails to establish the specific dates of any alleged acts of omissions; and fails to set forth sufficient acts to determine if Plaintiff has filed his civil action in the appropriate venue.

*A. Acts Under Color of State Law*

A Section 1983 complaint must allege facts indicating that the plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and that the alleged deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Each defendant named in a Section 1983 complaint must have personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against that defendant. *De'Lonta v. Fulmore*, 745 F. Supp. 2d 687, 690-91 (E.D. Va. 2010); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the

4

deprivation of his civil rights."); *see also Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in Section 1983 cases between named defendant and claimed injury). As is clear the above, Plaintiff has to allege individual persons not simply a position that have been occupied by various persons over time. Here Plaintiff has only alleged claims against "the Attorney Generals." This is insufficient to state a claim for relief under Section 1983.

*B. Joinder*

The Complaint additionally runs afoul of Rules 18 and 20 of the Federal Rules of Civil Procedure. Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18. Nevertheless, when a party seeks to bring multiple claims against multiple defendants must also satisfy Rule 20, which provides in pertinent part:

> (2) Defendants. Persons ... may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>> 
>> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. "Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present [] entirely different factual and legal issues." *Sykes v. Bayer Pharm. Corp.*, 548 F.Supp.2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting *Lovelace v. Lee*, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). Plaintiff has not provided sufficient facts for the Court to infer a common set of occurrences of law, present in his claims against all Defendants. Accordingly, here, the claims do not appear to arise out of the same transaction, occurrence, or series of transactions or occurrences and there is also no question of law or fact common to all defendants. Thus, Plaintiff's claims also are insufficient on these grounds.

5

*C. Venue*

It is Plaintiff's burden to establish that venue over his claims and each defendant is proper in the Eastern District of Virginia.[2] "The burden lies with the plaintiff to establish that venue is proper in the judicial district in which the plaintiff has brought the action." *Hackos v. Sparks*, 378 F. Supp. 2d 632, 634 (M.D.N.C. 2005). *See, e.g., Bartholomew v. Va. Chiropractors Ass'n*, 612 F.2d 812, 816 (4th Cir. 1979). The issue of venue is related to the requirement of specific non-conclusory allegations of acts and omissions by a person. Here, Plaintiff's Complaint does not establish any nexus between any specific individual in Georgia that could be alleged to connect them with Virginia. *Hickey v. St. Martin's Press, Inc.*, 978 F. Supp. 230, 240 (D. Md. 1997) ("[I]n a case involving multiple defendants and multiple claims, the plaintiff bears the burden of showing that venue is appropriate as to each claim and as to each defendant."). Accordingly, Plaintiff has failed to establish that this is the proper venue to bring his claims.

*D. Rule 8*

Although district courts have a duty to construe *pro se* pleadings liberally, a *pro se* plaintiff must nevertheless allege facts that state a cause of action. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (adding that the duty to construe *pro se* complaints liberally "does not require [district] courts to conjure up questions never squarely presented to them," and that

---

[2] In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"[d]istrict judges are not mind readers"). Further, in addition to the inadequacies discussed above, a complaint must also comply with the requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct." A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, there is no "short and plain statement" of a claim, no specific facts associated with an individual, and no claim upon which relief can be granted. Because he is proceeding *pro se*, however, plaintiff will be allowed to amend his complaint, and the pleading will be designated Plaintiff's second amended complaint.

In his second amended complaint, Plaintiff shall separately number each claim that he seeks to raise by letter or number. Each subsequent claim shall be designated by the appropriate letter or number. Each designated claim shall provide a statement of the claim and included in that statement Plaintiff shall identify the federal right he alleges has been violated, as well as the defendant or defendants (by name) associated with each claim, and provide the facts associated with the claim—including the acts or omissions that he alleges establish each defendant's deliberate indifference. In setting forth the specifics and facts of his claim, Plaintiff should use defendants' names rather than a generic designation of "defendants" or staff, which would assist in clarifying the matter and allow a defendant to respond. The facts must include dates as to when matters occurred. The factual allegations should be set forth in numbered paragraphs for ease of reference. Plaintiff is expressly advised that the second amended complaint supersedes the original complaint and first amended complaint. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir.

2010) (as a general rule an amended complaint supersedes "the original, the latter being treated thereafter as non-existent.") (citation omitted).

Accordingly, it is hereby

**ORDERED** that plaintiff particularize and amend his complaint in an amended complaint, which shall be designated his second amended complaint, within thirty (30) days of the date of this Order using the enclosed standardized Section 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identifying each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts which describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, (iv) and curing the deficiencies noted herein. The amended complaint must comply with the rules on joinder. Plaintiff must reallege all the facts from his original and first amended complaint in his second amended complaint and he must include his civil action number, **No. 1:24cv232 (RDA/IDD)**, on the first page of his second amended complaint. Plaintiff is advised that his second amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a Section 1983 form to plaintiff.

Entered this 11th day of April 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

8