**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **KARL C. MITCHELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:24-cv-232 (RDA/IDD)** |
| | ) | |
| **THE ATTORNEY GENERALS,** *et al.*, | ) | |
| **Defendants.** | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Karl C. Mitchell, a Virginia inmate proceeding *pro se*, has filed an amended civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights. Dkt. 1. This matter is before the Court on his Motion for Service, Dkt. 17, and his Motion for Service or Final Judgement, Dkt. 24, which the Court construes as a motion for reconsideration.

**I. Background**

On November 6, 2024, the Court screened Mitchell's complaint to determine whether it was frivolous, malicious, or fails to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1] The Court found it did not state a claim, dismissed the complaint without prejudice and allowed Plaintiff leave to file an amended complaint. Dkt. 5. Plaintiff sought and

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

was granted an extension of time. On December 2, 2024, however, Plaintiff filed a notice of appeal challenging the November 6, 2024 Order. Dkt. 9. On December 11, 2024, Plaintiff sought to obtain a copy of the record for his appeal. Dkt. 13. The Fourth Circuit found that Plaintiff sought to appeal an order that was neither a final order nor an appealable interlocutory or collateral order and dismissed the appeal on January 29, 2025. Dkt. 15.[2] On February 7, 2025, Plaintiff filed a Motion/Request for Service of Process or Final Judgment. Dkt. 17. The Fourth Circuit issued its mandate on February 20, 2025. Dkt. 18.

On April 11, 2025, the Court reiterated the deficiencies of the complaint and again granted Plaintiff leave to file an amended complaint. Dkt. 22.[3] Instead, on April 24, 2025, Plaintiff filed a second Motion for Service and Final Judgment. Dkt. 24.[4] On June 12, 2025, Plaintiff filed a letter requesting a docket sheet and an *in forma pauperis* application, both of which were sent to him that same day.

**II. Discussion**

Plaintiff's motion for service is denied because, despite multiple opportunities to do so, he has failed to file a complaint that states a claim. Dkt. 24 at 1. Further, while Plaintiff believes he has stated a claim upon which relief could be granted, his failure to file an amended complaint including additional factual allegations in the form of an amended complaint further precludes service. Plaintiff also argues that he is entitled to discovery to obtain the names of the "unknown"

---

[2] Plaintiff's Motion for a Copy of the Record, Dkt. 13, is deemed moot as the Fourth Circuit has dismissed his premature appeal.

[3] Plaintiff filed a notice of change of address on April 16, 2025, Dkt. 23, and the Clerk sent Plaintiff a copy of the April 11, 2025 Order and a Section 1983 form.

[4] Plaintiff's February 7, 2025 motion, Dkt. No. 17, sets forth most of the same arguments that he has asserted in his April 29, 2025 motion. Dkt. No. 24. Accordingly, the Court will discuss the April 24, 2025 motion herein.

2

defendants.  He premises his argument on *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995), and *Schiff v. Kennedy*, 691 F.2d 196, 198 (4th Cir. 1982), but his reliance on each case is misplaced.

In *Rosenberg*, there are specific allegations that the appellate court found stated a claim of deliberate indifference to a serious medical need, which included the dates and specific allegations that were attributable to named defendants and several "John Does." 56 F.3d at 36-37. Indeed, *Rosenberg* affirmed the dismissal of one John Doe "because the complaint allege[d] nothing that he did," which is in accord with the deficiencies that this Court identified in the November 6, 2024 and April 11, 2024 screening orders. Further, the facts recounted in *Rosenberg* do not raise any issues of venue or concerns about the statute of limitations such as are present in Mitchell's complaint. In comparison, here, Plaintiff has not provided specific allegations that are attributable to any specific defendants. Rather, his claims seem more parallel to the one dismissed John Doe from *Rosenberg*, where the complaint contained insufficient facts to state a claim.

Plaintiff's reliance on *Schiff* is likewise misplaced. There were two defendants in *Schiff*. The district court dismissed the complaint as to the named defendant, Kennedy, but not the other defendant designated as "John Doe." 691 F.2d at 197. Schiff's civil action alleged violations of the federal wiretap statute, 18 U.S.C. § 2520. Kennedy was Schiff's ex-wife, and the "unidentified third party" had allegedly assisted Kennedy "with the tapping" based upon Kennedy's deposition in a state proceeding. *Id.* Here, there is no named defendant, and certainly nothing that indicates either of the unnamed defendants know each other, much less conspired together in any matter

3

involving Plaintiff. Moreover, discovery is not necessary to identify either unnamed defendant.[5]

Finally, *Schiff* observed that dates were important to the resolution of the matter because there

could be an issue with the "statutes of limitation." *Id.* at 198. Similarly, if there is a statute of

limitations issue, it should be addressed during the screening stage. *See Nasim v. Warden, Md.*

*House of Correction*, 64 F.3d 951, 955-56 (4th Cir. 1995) (en banc) (affirming district court's

finding that complaint was barred by the applicable statute of limitations and "that the district court

did not abuse its discretion in concluding that the action was frivolous") (citing 28 U.S.C.

§ 1915(d)); *Brown v. Harris*, No. 3:10cv613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (under

---

[5] On November 19, 2024, Plaintiff sent a letter to the "Attorney General of Georgia" and the "Attorney General of Virginia." Dkt. 7. Plaintiff can just as easily write to each of those offices and obtain the names of the Attorney Generals serving on the dates he alleges he was subject to the conduct he alleges. Further, unlike the situation at issue in *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 576 (C.D. Ca. 1999), that court found that the "Plaintiff ha[d] demonstrated that their trademark infringement claim could survive a motion to dismiss," *id.* at 580, and there is no indication that either office holder is attempting to frustrate service of process or disguise their identities with aliases. *Id.* at 577-78. The Federal Rules of Civil Procedure "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing Fed. R. Civ. P. 8); *see Desper v. Clarke*, 1 F.4th 236, 249 (4th Cir. 2021) ("Insofar as [Plaintiff] is unaware of adequate facts to support a plausible claim for relief, his inability to marshal additional facts absent discovery cannot save his conclusory and speculative allegations from dismissal.") (quoting *Tickles v. Johnson*, 805 F. App'x 204, 208 (4th Cir. 2020) (per curiam)).

In addition, this is not the first Court in which Plaintiff has attempted to raise his dubious claims. In 2018, Plaintiff filed a civil action in the United States District Court for the Southern District of Georgia, *Mitchell v. Dozier*, No. 6:18cv4 ("*Mitchell I*"). In *Mitchell I*, the Magistrate's Report and Recommendation found that Mitchell's "claims that unnamed members of the security and medical staff at [Georgia State Prison, Reidsville, Georgia] implanted transmitters into him to monitor and manipulate his emotions, thoughts, and actions are pure fantasy." *Mitchell v. Dozier*, No. 6:18cv4, 2018 WL 3846318, at *5 (S.D. Ga. Aug. 13, 2018), *adopted by*, 2018 WL 5603638 (S.D. Ga. Oct. 30, 2018). It is evident from the 2018 proceedings in Georgia that Plaintiff has the necessary knowledge to provide specifics (names and dates) related to his claims, which he did in *Mitchell I*. Further, given his Georgia filing, the issue of venue and the statute of limitations need to be addressed. There is no allegation of any act by a Georgia actor after Plaintiff came to Virginia, much less any act that would give rise to an inference of a conspiracy, and without that act connecting a Georgia and Virginia actor there is no basis for venue with respect to the alleged Georgia defendant; or a conspiracy for that matter.

28 U.S.C. § 1915(e)(2), a court must dismiss claims barred by the relevant statute of limitations (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-57 (4th Cir. 2006)).[6]

Because Plaintiff is a *pro se* inmate, the Court has construed his recent filings as a motion for reconsideration, which is denied. Consequently, Plaintiff will be provided leave to file an amended complaint that cures the deficiencies noted in the Court's April 11, 2025 order.

Accordingly, it is hereby

**ORDERED** that Plaintiff particularize and amend his complaint in an amended complaint, which shall be designated his amended complaint, within thirty (30) days of the date of this Order using the enclosed standardized Section 1983 complaint form by (i) naming every person he wishes to include as a defendant, (ii) identifying each claim he seeks to raise by letter or number, (iii) submitting a short, detailed statement of background facts that describes the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint, the dates of each incident, the persons involved, the reasons why he believes each defendant is liable to him, and the remedies sought, (iv) and curing the deficiencies noted in the April 11, 2025 order. Plaintiff must reallege all the facts from his original complaint in his amended complaint and he must include his civil action number, No. **1:24-cv-232 (RDA/IDD)**, on

---

[6] Additionally, Plaintiff's assertion that his allegations of fact are "analogous" to those in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), is meritless. Dkt. 24 at 1. In *Bivens*, the facts were that the plaintiff was arrested by federal agents on November 26, 1965, that he and his apartment were searched, "and that the arrest and search were effected without a warrant, and that unreasonable force was employed in making the arrest; fairly read, it alleges as well that the arrest was made without probable cause." *Id.* at 389. Although the agents names were "unknown," *Bivens* noted that the district court ordered that the complaint served upon "those federal agents who it is indicated by the records of the United States Attorney participated in the November 25, 1965, arrest of the [petitioner]." 403 U.S. at 390, n.2. That is not the case here. Plaintiff has not provided nearly as much information as was provided by Bivens. Plaintiff has not provided a modicum of identifying information of the unknown defendants here. Thus, it is clear that *Bivens* is not analogous.

5

the first page of his amended complaint. Plaintiff is advised that his amended complaint will serve as the sole complaint in this civil action; and it is

**FURTHER ORDERED** that Plaintiff's motion for a copy of the record, Dkt. 13, is **DISMISSED** as **MOOT**; and it is

**FURTHER ORDERED** that Plaintiff's motions for service, discovery, and entry of final judgment, Dkts. 17 and 24, are **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this Order and a Section 1983 form to Plaintiff.

Entered this _____ day of July 2025.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

6